No. 40,171

PEARL EARL ERB, *Appellee,* v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, *Appellant.*

(299 P. 2d 35)

Opinion filed June 30, 1956.

*Edwin M. Wheeler,* of Topeka, argued the cause, and *C. J. Putt, W. E. Treadway* and *J. B. Reeves,* all of Topeka, were with him on the briefs for the appellant.

*Robert J. Hill,* of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald*

*R. Newkirk, Gerrit H. Wormhoudt* and *Theodore C. Geisert,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was a common-law action to recover for personal injuries received as a result of the alleged negligence of defendant. Defendant has appealed from an order striking portions of its answer.

Plaintiff's injuries were sustained on September 2, 1953, and the action was filed on August 31, 1955.

Briefly stated, plaintiff's petition alleges that on September 2, 1953, he was employed by the Kiewit Company near Bazine, Kansas, and that defendant had set out on its siding at or near Bazine certain cars of materials assigned to the Kiewit Company. While plaintiff was operating his employer's tractor in moving a car to the unloading site he was injured as a result of a defective handbrake on one of defendant's cars. Allegations concerning plaintiff's injuries need not be summarized, and recovery is sought in the amount of $65,000.

On September 19, 1955, defendant filed its answer admitting that it is a Kansas corporation operating a railway engaged in interstate and intrastate commerce, and further alleging the following, all of which was stricken:

That on the date of plaintiff's injury he was employed by the Kiewit Company which was subject to the workmen's compensation law of this state.

That plaintiff's injury was and is an injury for which compensation had been paid to him; that on the date of injury plaintiff's employer notified the workmen's compensation commissioner of such fact; further, that the Liberty Mutual Insurance Company was the employer's insurance carrier, and that on June 30, 1954, such insurer, by letter, demanded of defendant an unspecified sum to reimburse it for compensation paid to plaintiff.

That plaintiff's failure to institute any action within one year from the date of injury is a bar to any action he might have against defendant under the provisions of G. S. 1949, 44-504.

That plaintiff's failure to file suit within one year, as provided for in G. S. 1949, 44-504, operated as an assignment of any cause of action plaintiff might have had to his employer or the latter's insurance carrier, and that the petition states no cause of action for and on account of plaintiff's employer or the insurance carrier, and

that any cause of action they might have had is now likewise barred by G. S. 1949, 44-504.

As heretofore stated, the petition is framed as a common-law action for damages based on negligence. Only one plaintiff, the injured workman, is named. There is nothing in its allegations to indicate that the Kiewit Company, plaintiff's employer, was under the workmen's compensation act, and there is nothing to indicate that the action is brought by anyone other than plaintiff in his individual capacity.

G. S. 1949, 60-710, provides that a defendant may set forth in his answer as many grounds of defense as he may have. The question, therefore, is whether the stricken allegations constitute a defense to the action as brought. If they do, they were erroneously stricken.

Under the provisions of G. S. 1949, 44-504, when an injury for which compensation is payable is caused under circumstances creating a legal liability against someone other than the employer to pay damages, the injured workman has the right to receive compensation under the act and to pursue his remedy by proper action in a court of competent jurisdiction against such negligent third party. Such action, if prosecuted by the workman, must be brought within one year from the date of the injury, and failure on his part to bring the action within such period operates as an assignment to the employer of any cause of action in tort which the workman may have against the third party, and the employer may enforce the same in its own name or in the name of the workman.

In other words, the statute requires the injured workman to bring his action against a negligent third party within one year from the date of injury, and his failure to do so within that time operates as a statutory assignment of such right to his employer to bring the action during the second year. (*Wise v. Morgan-Mack Motor Co.,* 173 Kan. 372, 246 P. 2d 308.)

Here the injury occurred in September, 1953, and under the mentioned statute it is clear that plaintiff, in his personal and individual capacity, could not maintain this action in August, 1955, almost two years later. In *Sundgren v. Topeka Transportation Co.,* 178 Kan. 83, 283 P. 2d 444, it was said:

"Defendant contends the court erred in striking the aforementioned quoted portion from its answer. There is nothing in the original petition to indicate that plaintiff's action was brought by his employer in his name.

So far as the record disclosed, it was a suit by plaintiff in his individual capacity against the defendant. There was no allegation in the petition that plaintiff received any compensation or was under the Workmen's Compensation Act at the time of the injury. G. S. 1949, 60-710, provides that a defendant may set forth in his answer any new matter constituting a defense or right to relief concerning the subject of the action. This defendant did by setting forth that plaintiff at the time of the injury was an employee of Shimer; had been paid compensation, furnished hospitalization and medical attention under the Workmen's Compensation Act; that more than one year had expired prior to the filing of the action, and that the same was barred by the limitation provided in section 44-504. It is obvious that if the defensive matter was proved, the plaintiff would be barred from maintaining the action, and the court erred in striking the quoted portion from the answer." (pp. 87, 88.)

In *Whitaker v. Douglas*, 179 Kan. 64, 292 P. 2d 688, it was said:

"In defendants' motion for judgment on the pleadings, which was sustained and from which this appeal was taken, one of the grounds of the motion was that plaintiff's action was brought too late under the above statute. Appellant's pleadings disclose that the injury for which he seeks to recover occurred on June 19, 1951, and the original petition was filed in this case on May 18, 1953. This was a year and eleven months after the accident occurred. Neither the Victory Sand Company, nor its insurance carrier was named as a party plaintiff in that petition, nor was any mention made that they were asserting any right which they might have had. Any cause of action in tort which the workman had, was assigned to his employer eleven months before the petition was filed. The petition was never amended. The first time that his employer and its insurer was mentioned as having anything to do with the case was in the amended reply which was filed February 2, 1955, which was more than three and a half years after the date of the accident." (pp. 71, 72.)

Plaintiff relies in part on what was held in *Barker v. Zeckser*, 179 Kan. 596, 296 P. 2d 1085. That case is distinguishable from the one at bar in that there the action was filed by the injured workman himself within one year from the date of his injury.

The allegations in question were matters properly to be pleaded by defendant in its answer, and were erroneously stricken.

The judgment is therefore reversed.