419 P.2d 720

The VALLEY NATIONAL BANK OF ARI-
ZONA (formerly The Valley National Bank
of Phoenix), a national banking association,
Appellant,

v.

Palmer C. BYRNE and Hazel B. Byrne,
husband and wife, Appellees.

No. 7489.

Supreme Court of Arizona.
In Banc.

Nov. 2, 1966.

Rehearing Denied Nov. 29, 1966.

Rawlins, Ellis, Burrus & Kiewit,
Phoenix, for appellant.

Alpheus L. Favour, Eino M. Jacobson,
Prescott, for appellees.

LOCKWOOD, Justice.

This is an appeal from a judgment for defendant in an action by the Valley National Bank as plaintiff against the defendant Byrne for the amount paid to Byrne as legal fees by his client Cross. The fees were paid out of money recovered in a successful action by Cross against one Zancanaro for breach of contract by the latter, in which litigation Byrne represented Cross. The Bank claims that the amount of the fee paid by Cross to Byrne should be delivered to the Bank pursuant to an assignment previously made to it by Cross.

On March 23, 1955 Norman Cross entered into a plumbing contract with one Emil Zancanaro for plumbing work required on fifty homes to be built by Zancanaro. On March 28, 1955, the Bank obtained from Cross the following assignment as security for a loan:

"In consideration of the loan made and moneys paid to the undersigned by the Valley National Bank of Phoenix, as evidenced by that certain promissory note in the principal amount of $5,200.00, dated March 28, 1955, principal and interest payable within one hundred twenty days, which note has been executed by the undersigned in favor of the said Valley National Bank of Phoenix, and of other good and valuable considerations received by the undersigned from said Bank, the undersigned, NORMAN N. CROSS, does hereby sell, assign transfer and set over to The Valley National Bank of Phoenix *all proceeds and moneys payable and to become payable to the said NORMAN N. CROSS under and pursuant to the following described contract*:

" 'Contract dated March 23, 1955, between Ware Construction Company, Inc., as general contractor and Cross Plumbing & Heating Company as plumbing contractor, for the plumbing materials required by the Emil Franklin Development Company in Kingman, Arizona, for the total sum of $34,-475.00, to be paid by Emil Zancanaro, owner of the property and project.'

"In consideration of the foregoing, the said NORMAN N. CROSS further agrees to instruct and direct the said EMIL ZANCANARO to pay the advances and proceeds under the above agreement to said bank, authorizes and directs said bank to apply and credit said proceeds to the payment of said note, principal and interest, and agrees that the bank's receipt for payments under said agreement shall have the same force and effect as though made and given by the undersigned.

"This assignment shall remain in force and effect until the aforesaid note executed by the undersigned to said bank, including principal and interest thereon, has been paid and satisfied in full according to its provisions.

"IN WITNESS WHEREOF, I have executed this assignment this 28th day of March, 1955.

s/ Norman N. Cross
———————————————
Norman N. Cross"

(Emphasis supplied)

This assignment was acknowledged by Zancanaro on the date of the assignment.

Difficulties arose between Cross and Zancanaro under their contract. On August 8, 1955 Cross employed Byrne in connection with these difficulties, and a contract of employment was entered into between Cross and Byrne on the basis of twenty-five dollars per hour for office work and two hundred and fifty dollars per day for appearances in court. At that time Byrne knew nothing of the assignment from Cross to the Bank. Byrne immediately commenced his representation of Cross. According to the record it was not until August 22, 1955 or later, that Byrne had any knowledge of the assignment from Cross to the Valley National Bank.

In October, 1955 the defendant Byrne filed the complaint in the Cross-Zancanaro contract action. Byrne continued to represent Cross in this litigation in the lower

court and judgment in favor of Cross was obtained which was appealed to the Arizona Supreme Court. In Zancanaro v. Cross, 85 Ariz. 394, 339 P.2d 746 (1959), this Court affirmed the judgment of the lower court, but modified the damages awarded to Cross in Cross' favor. During the litigation and representation of Cross by Byrne in both the lower court and on appeal Byrne spent one hundred seventy-four hours of office work and four days of trial work.

On appeal Cross was awarded $3,749.80 in damages on the theory of loss of profits under the contract, plus $759.96 attorney's fees in conformity with the formula set forth in the contract. Byrne collected for Cross the amount of $5,000.00. These funds were delivered in their entirety by Byrne to his client. Cross in turn gave the money to Byrne to apply on his attorney's fees.

Among other things, Byrne denies that the assignment to the Bank assigned those moneys which were collected as damages for breach of the contract by Zancanaro. The Bank, however, claims that those moneys collected as damages for breach of the contract were included in "the proceeds" and the "moneys payable" under the assignment by Cross to the Bank.

■■ In order to resolve this question, it is necessary to determine what rights passed to the Bank under this assignment. As a contract includes both rights and duties, there is nothing to prevent these various interests from being separated, with the benefits of the contract being assigned, and the obligations of performance remaining with the assignor, who is the original party to the contract. The entire contract between Cross and Zancanaro could not have been assigned by Cross, as it is one involving personal services. However the assignment here is one of money due or to become due under an existing contract. An interest such as this could be assigned, even though the contract itself is not assignable. Commercial Life Ins. Co. v. Wright, 64 Ariz.

129, 166 P.2d 943 (1946); Commercial Credit Corp. v. Matthews, 77 Nev. 377, 365 P.2d 303 (1961). The fact that the money was not yet due is of no significance, as a present assignment will act on the fund of money as soon as it becomes payable. Wike v. Board of Trustees, 229 N.C. 370, 49 S.E.2d 740 (1948); Commercial Life Ins. Co. v. Wright, supra.

■■ Once a valid assignment of the proceeds had been made, the Bank acquired a vested interest in them, as soon as they became due including all the right, title, and interest in the proceeds. First Nat. Bank of Topeka v. United Telephone Ass'n, 187 Kan. 29, 353 P.2d 963 (1960); 6 C.J.S. Assignments § 82. Likewise, Cross gave up all interest in such payments until the underlying debt to the Bank was discharged. First Nat. Bank of Topeka v. United Telephone Ass'n, supra. Therefore, because of the rights vested in the assignee Bank, and the nature of the damages for breach of contract in Cross v. Zancanaro, supra, we believe that the assignment from Cross to the Bank of the proceeds and money payable under the contract included the amounts later recovered as anticipated profits under the contract. The amount of recovery was based entirely upon the profits or proceeds which would have been due had the contract been fully performed. The net cost of performing the contract was ascertained, and the damages were based upon the difference between this cost and the contract price. Therefore, the recovery was, in effect, the same proceeds which would have been paid to the assignee Bank by Zancanaro, if Cross had fully performed his obligations under the contract.

There is no inconsistency in the fact that the assignor Cross brought the action rather than the Bank. Cross had retained the duty of performing his obligations under the bilateral contract, and therefore remained a party in interest along with the Bank. His complaint against Zancanaro had prayed for damages far in excess of the amount due the Bank under

the assignment. If the larger amount had actually been recovered, the Bank could have been paid the amount due it, and Cross would have kept the rest, since the assignment was for security purposes, and would be satisfied whenever the underlying debt was paid in full.

The appellee also contends that even if the proceeds of the judgment were included in the assignment to the Bank, he is entitled to such proceeds ahead of the Bank, because of his fee arrangement with Cross. It is true that this agreement was entered into before Byrne had knowledge of the assignment, but this is not controlling. The Bank had previously obtained security for its claim, while Byrne had merely entered into an unsecured contractual agreement with Cross. No lien was claimed by Byrne on the proceeds of the judgment. The assignee here was entitled to priority over a subsequent creditor, and Byrne's agreement with Cross was subject to the existing assignment in favor of the Bank. See In re Allied Products Co., 134 F.2d 725 (6th Cir. 1943); Commercial Credit Corporation v. Matthews, supra.

Neither is it controlling that the proceeds would not have been recovered except for Byrne's services. Appellee knew of the Bank's assignment two weeks after he first discussed the contract with Cross. He had various conversations with representatives of the Bank concerning the status of the case from the time of litigation in the trial court on. He also admitted he was aware of the reasons for the Bank's interest in the case. However, no indication was given to the Bank by Byrne that he claimed all of the judgment proceeds. Appellee could have made a contractual arrangement with the Bank after learning of the assignment, and before the litigation had commenced. Therefore, his continued representation of Cross did not give him any equities as against the Bank.

The Bank is limited in its recovery to the amount recovered as damages in the Cross-Zancanaro action. The $759.96 recovered as attorney's fees could not be construed as being proceeds under the assignment.

The judgment of the Superior Court is reversed, with directions to enter judgment for appellant in the amount of $3749.80 together with interest from date of entry thereof.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.