547 P.2d 473

**Luis MARTINEZ, Appellant,**

v.

**BUCYRUS–ERIE COMPANY, Road Machinery Co., Hudspeth Steel & Mfg. Co., Inc., and Herbert Ring, Appellees.**

**No. 11757.**

Supreme Court of Arizona,
In Division.

March 22, 1976.

Rehearing Denied April 27, 1976.

Harrison, Myers & Singer, by Mark I. Harrison, Phoenix, for appellant.

Lewis & Roca, by Walter Cheifetz, Mary M. Schroeder, Marty Harper, Phoenix, for appellee Bucyrus-Erie Co.

Snell & Wilmer, by Bruce Norton, Phoenix, for appellee Road Machinery Co.

Renaud, Cook, Miller & Cordova, by J. Gordon Cook, Phoenix, for appellee Hudspeth Steel & Mfg. Co., Inc.

Behrens, MacLean & Jacques by John H. MacLean, Phoenix, for appellee Herbert Ring.

Robert K. Park, Chief Counsel, State Compensation Fund, by J. Victor Stoffa, Phoenix, amicus curiae.

STRUCKMEYER, Vice Chief Justice.

This action was brought by Luis Martinez to recover damages for injuries sustained during the course of construction of the Phoenix Civic Center in Phoenix, Arizona. The action was dismissed by the trial court on the ground that Martinez' complaint had not been filed within one year, as required by A.R.S. § 23–1023(B), and this appeal followed. Appellees, defendants in the court below, have cross-appealed, urging that the trial court erroneously failed to grant their motion for a summary judgment on the ground that the complaint failed to state a cause of action. Since the order of dismissal of Martinez' complaint is affirmed, we find it unnecessary to reach the merits of the cross-appeal.

The facts in this case are simple and for the purpose of the decision here are not in dispute. On May 14, 1970, the appellant, Luis Martinez, while in the course of his employment sustained certain injuries. He thereafter received workmen's compensation benefits pursuant to Arizona law. Subsequently, and nearly two years later, on May 9, 1972, he brought this action for damages against appellees as third party tort-feasors.

By A.R.S. § 23–1023(A), an employee entitled to compensation if injured or killed by the negligence of another not in the same employ may pursue an action for damages against such other. By subsec. B of § 23–1023, if the employee does not pursue his remedy against such other person within one year, the claim "shall be deemed assigned to the insurance carrier." The exact language of § 23–1023(B) is:

"If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof."

■ It is to be recognized immediately that the word "assign" has 'a definite, fixed, legal meaning and that an unconditional assignment passes to the assignee all the rights, title or interest of the assignor in or to the property or property rights comprehended by the assignment. *Valley National Bank of Arizona v. Byrne,* 101 Ariz. 363, 419 P.2d 720 (1966). Essentially the right acquired by the assignee is simply that previously possessed by the assignor. Consequently, all of Martinez' interest passed to the insurance carrier by operation of law when after one year he failed to institute an action for damages against the third party tort-feasor.

■ It is also clear that Martinez had no further interest or right upon which he could subsequently base an action.

In *Taylor v. New York Cent. R. Co.,* 294 N.Y. 397, 62 N.E.2d 777 (1945), it was held that if a compensation claimant

fails to institute an action against a third party tort-feasor within the time limit provided by the legislature, the cause of action passes to the employer or the employer's insurer. The New York Court of Appeals said:

"Under section 29 of the Workmen's Compensation Law it is unnecessary for an injured employee to choose in the first instance between taking compensation and pursuing by suit his cause of action against a third person alleged to have injured him. He may take the compensation from his employer or his employer's insurer and nonetheless bring an action against the third person. But 'such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues.' If the injured workman fails to bring the action within the time so limited, 'such failure shall operate as an assignment of the cause of action against such other * * * to the person * * * liable for the payment of such compensation.' That is plain language. The cause of action, after the stated time has gone by, passes to the employer or insurer." 62 N.E.2d at 778–779.

Similarly, in *Erb v. Atchison, Topeka & Sante Fe Railway Co.*, 180 Kan. 60, 299 P.2d 35, the court held where a statute provides for the assignment of the injured workman's claim after one year that thereafter he could not maintain an action, saying:

"Under the provisions of G.S.1949, 44–504, when an injury for which compensation is payable is caused under circumstances creating a legal liability against someone other than the employer to pay damages, the injured workman has the right to receive compensation under the act and to pursue his remedy by proper action in a court of competent jurisdiction against such negligent third party. Such action, if prosecuted by the work-

man, must be brought within one year from the date of the injury, and failure on his part to bring the action within such period operates as an assignment to the employer of any cause of action in tort which the workman may have against the third party, and the employer may enforce the same in its own name or in the name of the workman.

\*　\*　\*　\*　\*　\*

Here the injury occurred in September, 1953, and under the mentioned statute it is clear that plaintiff, in his personal and individual capacity, could not maintain this action in August, 1955, almost two years later." *299 P.2d at 37.*

Martinez leans heavily on *Potomac Electric Power Company v. Wynn*, 120 U.S. App.D.C. 13, 343 F.2d 295 (1965). That case concerns an award of compensation under the Longshoremen's and Harbor Workers' Compensation Act. The federal statute is, however, substantially different from Arizona's statute. Under the federal act, the injured employee's cause of action is assigned to the employer six months after the award of compensation, but four-fifths of the total equity in the employee's claim, less the compensation paid and litigation expenses, remains in the employee. After the statutory assignment, the employer becomes, in effect, a trustee of the employee's equity. The holding that the employee may bring suit against the third party whenever it is evident that the employer does not intend to bring suit is not unreasonable, for, as stated by a concurring judge, there is no reason why an injured employee's rights "should be sacrificed on the alter of the employer's selfinterest." 343 F.2d at 301.

Martinez urges that if the statute bars his action after one year, then it is unconstitutional because of Article 18, §§ 6 and 8 of the Arizona Constitution. Section 6 of Article 18 forbids the abrogation of the right to recover damages for injuries or limitation of the amount to be re-

**122**

covered. Section 8 of Article 18 directs the Legislature to enact a Workmen's Compensation Law by which the employee will have the option to either recover under the Law or retain his right to sue his employer.

Martinez' position is that these constitutional provisions clearly preclude the passage of any legislation which would cancel his right to receive damages except for suits by an employee against his employer for injuries suffered while at work. His argument seems to be that the Legislature cannot restrict his right to sue to one year because this would be "abrogating" his right to recover damages. Martinez is, we think, warping the meaning of the word "abrogate." It does not mean "limit." It means "annul" or "put an end to." Webster's Third New International Dictionary. The Legislature did not annul or put an end to his right to recover damages. Nor has the right to sue on the claim against the tort-feasor been subjected to statutory limitation as to amount.

A.R.S. § 23-1023(B) simply provides *who* has the right to pursue the claim. The employee is given the right for one year; thereafter the insurance carrier is given the right for one year. The Legislature in effect has said that this right in the insurance carrier is necessary so that it will not be subject to the whims of the employee's decision not to sue after receiving compensation. It permits the carrier to recoup its losses. Nor is the one-year period so short as to be a deprivation of procedural due process. *Crawford v. Hunt,* 41 Ariz. 229, 17 P.2d 802 (1932). Cf. *Russel v. Beck,* 22 Ariz.App. 436, 528 P.2d 187 (1974), and *Henshaw v. Mays,* 20 Ariz. App. 300, 512 P.2d 604 (1973).

We hold that A.R.S. § 23-1023(B) is constitutional and that the trial court was correct in dismissing Martinez' complaint as untimely filed.

CAMERON, C. J., and HOLOHAN, J., concurring.