548 P.2d 1186

Cesar Harvey ROMO, Petitioner,

v.

Tony REYES and the Honorable Anthony T. Deddens, Judge of the Superior Court in and for the County of Cochise, Respondents.

No. 2 CA–CIV 2169.

Court of Appeals of Arizona,
Division 2.

May 4, 1976.

Rehearing Denied June 9, 1976.
Review Denied July 20, 1976.

Mesch, Marquez & Rothschild, P. C. by Alfred C. Marquez, Tucson, for petitioner.

Law Offices of Ramon R. Alvarez by Ramon R. Alvarez, Douglas, for respondent, Tony Reyes.

## OPINION

KRUCKER, Judge.

Petitioner seeks to have us vacate an order of the respondent court denying his motion to amend his answer to the complaint to allege the statute of limitations. Since the order is not appealable and petitioner has no adequate remedy at law, we accept jurisdiction.

The applicable facts are not in dispute. Petitioner Romo is the defendant in an action filed by respondent Reyes presently pending in Cochise County Superior Court. The litigation is the result of an automobile accident which occurred on July 4, 1973, at which time Reyes was riding as a passenger in a vehicle driven by petitioner. The complaint was filed on August 1, 1975. The attorneys for petitioner inadvertently failed to allege the affirmative defense of the statute of limitations in the responsive pleading and subsequently moved for leave to file an amended answer alleging such defense. The motion was denied on March 5, 1976, and petitioner claims the denial was an abuse of the trial court's discretion.

Rule 15(a), Rules of Civil Procedure, 16 A.R.S., states:

"1. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave to amend shall be freely given when justice requires."

Arizona Rule 15(a) is derived from Federal Rule 15(a). Both rules provide for amendment of "pleadings." This term refers to complaints, answers, replies to a counterclaim, answers to cross-claims, third-party complaints, third-party answers, and, pursuant to court order, replies to answers or third-party answers. Rule 7(a), Rules of Civil Procedure, 16 A.R.S.; 6 Wright and Miller, Federal Practice and Procedure § 1475, at 387.

Granting leave to amend a pleading is always left to the sound discretion of the trial judge. *Cagle v. Carr,* 101 Ariz. 225, 418 P.2d 381 (1966); *Contractor & Mining Service & Supply, Inc. v. H & M Tractor & Bearing Corp.,* 4 Ariz.App. 29, 417 P.2d 542 (1966). However, amendments should be liberally allowed in the interest of justice and it is within the discretion of the trial court whether under all the facts and circumstances an amendment should be permitted. *Sanders v. Brown,* 73 Ariz. 116, 238 P.2d 941 (1951).

3 Moore's Federal Practice, ¶ 15.08[3] states:

"[Rule 15(a)] applies equally to plaintiffs and defendants and leave to amend may be sought for any purpose related to the pleadings. The clearest cases for leave to amend are correction of an insufficient claim or defense and amplification of previously alleged claims or defenses." at 887.

5 Wright & Miller, Federal Practice and Procedure § 1394:

"Indeed, the courts generally have been quite liberal about granting leave to replead when the amendment was not in-

terposed for reasons of delay or would not result in prejudice." At 871.

 Respondent maintains, of course, that he will indeed be prejudiced by allowing an amendment since his claim will be barred by the two-year statute of limitations. We have said that even where a party is prejudiced, the prejudice must be balanced against the hardship to the moving party if leave to amend is denied. *Green Reservoir Flood Control Dist. v. Willmoth,* 15 Ariz.App. 406, 489 P.2d 69 (1971). However, the "prejudice" referred to in Wright & Miller is not that occasioned by defeat on the merits, but rather the inconvenience and delay suffered when the amendment raises new issues or inserts new parties into the litigation. *See, Williams v. United States,* 405 F.2d 234 (5th Cir. 1968).

The United States Supreme Court in *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), states:

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires' . . . ." 371 U.S. at 182, 83 S.Ct. at 230.

 Respondents contend that after the original answer was filed and the statute of limitations was not pleaded affirmatively, such defense was waived and therefore any attempt to assert it now would be ineffective. It is true that a defense such as the statute of limitations may be waived, but only if not asserted prior to judgment. In *Groninger v. Davison,* 364 F.2d 638 (8th Cir. 1966) the United States Court of Appeals for the Eighth Circuit dealt with a situation involving an amendment of an answer by addition of the limitations defense. The opinion contains a good discussion of cases involving amendment and comes to the same conclusion as we do, i. e., that waiver is not final before judgment and most cases which speak to the contrary are usually cases where the affirmative defense is raised for the first time on appeal. *Ashton v. Glaze,* 95 F.2d 427 (9th Cir. 1938); *Limberopoulos v.*

*Tom Fannin & Associates,* 17 Ariz.App. 35, 495 P.2d 475 (1972). And it has been recognized that a party may avoid waiver by seeking leave to amend to interpose the affirmative defense inadvertently omitted. 5 Wright & Miller, Federal Practice & Procedure § 1394, at 871.

 An answer may be amended at any time before trial. *State ex rel. LaPrade v. Smith,* 43 Ariz. 343, 31 P.2d 102 (1934). We therefore conclude that petitioner did not waive the defense of the statute of limitations. His amended answer should have been allowed because the opposing party would suffer no prejudice. Therefore, the respondent court abused its discretion in denying petitioner's motion.

The order denying the motion is vacated with directions to grant petitioner leave to file an amended answer.

HOWARD, C. J., and HATHAWAY, J., concur.