**12**

567 P.2d 328

K. W. DART TRUCK COMPANY, a corporation, and Southwest Kenworth, Inc., a corporation, Petitioners,

v.

Robert D. NOBLE and the Honorable William E. Druke, Respondents.

No. 2 CA–CIV 2321.

Court of Appeals of Arizona, Division 2.

Oct. 13, 1976.

Rehearing Denied Nov. 9, 1976.

Review Granted Dec. 21, 1976.

Mesch, Marquez & Rothschild, P. C., by Alfred C. Marquez, Tucson, for petitioners.

Miller, Pitt & Feldman, P. C., by Stanley G. Feldman and Janice A. Wezelman, Tucson, for respondents.

## OPINION

HOWARD, Chief Judge.

In this special action the petitioners contend the respondent court abused its discretion and exceeded its jurisdiction in denying their motion to dismiss a suit against them by respondent Noble and allowing him to amend his complaint.

The facts show that Mr. Noble was injured on the job as the result of an accident on August 20, 1973, when a hydraulic hose exploded on the loader he was operating. He was, at the time of the accident, employed by American Smelting & Refining Company, hereinafter referred to as ASARCO, a self-insurer under the Workmen's Compensation Act.

Following the accident Mr. Noble applied for and received benefits from the State Compensation Fund. When one year from the time of the injury had elapsed, Noble's claim against petitioners was automatically assigned to ASARCO by virtue of A.R.S. Sec. 23-1023(B). On or about August 1, 1975, Noble's attorney wrote to ASARCO requesting that the claim be assigned to Noble. ASARCO refused to do so and on August 18, 1975, Noble filed his complaint in the superior court. This complaint was brought solely in the name of Mr. Noble. Petitioners filed their answer and subsequently filed a motion to dismiss the complaint. Respondent Noble countered by filing a motion to amend his complaint which was granted by the trial court. The amended complaint states that the action is brought for and on behalf of ASARCO and further joins ASARCO as an involuntary plaintiff under Rule 19, Rules of Civil Procedure, 16 A.R.S.

The issue thus posed is whether A.R.S. Sec. 23-1023(B) constitutes a defense to the bringing of this action. This section of the Workmen's Compensation Act states:

"If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be *deemed assigned* to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof." (Emphasis added)

Paragraph A of Sec. 23-1023 contains the provisions which allow a third party action by the employee. A.R.S. Sec. 23-1023(C) provides, inter alia, that if the employee proceeds against a third party he shall still receive benefits allowed by the Workmen's Compensation Act and that the compensation carrier or other person liable to pay the claim shall have a lien on the amount actually collectible from the other person to the extent of such compensation and medical, surgical and hospital benefits paid.

Let us examine the foregoing statutes keeping in mind that in interpreting statutes the court looks to the intent of the legislature and considers the context of the statute, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law. *Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz.

573, 521 P.2d 1119 (1974). The concept underlying third party actions is aptly set forth in Larson, Workmen's Compensation Law, Vol. 2A, Sec. 71.10.

"The concept underlying third party actions is the moral idea that the ultimate loss from wrongdoing should fall upon the wrongdoer . . . [E]very mature loss-adjusting mechanism must look in two directions: it must make the injured person whole, and it must also seek out the true wrongdoer whenever possible."

■ With this in mind, the objectives of a subrogation statute should be to see that the third party pays what he would normally pay if no compensation carrier were involved and further see that the employer and carrier come out even, with the employee receiving any excess of the damages recovered over the compensation paid to him. In order to accomplish these objectives, both the employee and the carrier must be given an opportunity to press a damages suit in case the other refuses to do so.

Prior to 1965 an injured workman had to elect to accept workmen's compensation or to pursue his claim against a third party tortfeasor. He could not do both. If he elected to receive workmen's compensation his claim passed to the compensation carrier. If the compensation carrier sued the third party tortfeasor it could only recover the amount it had paid or was bound to pay in the future as a result of an award made to the employee. *Industrial Commission of Arizona v. Nevelle*, 58 Ariz. 325, 119 P.2d 934 (1941). The 1965 amendment gave the employee the right to pursue the third party tortfeasor and at the same time receive workmen's compensation benefits. The amendment contained no provision for assignment of the workman's claim to the carrier in the event the injured workman did not pursue the third party claim. Recognizing this flaw, the legislature in 1968 added subsection B.

■ In enacting the 1965 amendment the legislature recognized the concept of third party actions by giving the workman a chance to be made whole and by making the third party wrongdoer responsible for his wrongdoing. Under the 1965 amendment the injured workman had the benefit of the full two-year statute of limitations for bodily injury. The intent of the legislature was clearly to liberalize the then-existing compensation law.

But the 1965 amendment did not sufficiently protect the subrogation rights of the compensation carrier. The legislature resolved this deficiency in 1968 by allowing the employee up to one year to bring his action against the third party. At the end of one year his claim, which includes pain and suffering, is "deemed assigned" to the carrier. Thus the carrier has the balance of the two-year statute of limitations within which to file an action against the third party tortfeasor. Does this mean that after one year the employee is completely barred from being made whole? Is the one year requirement in A.R.S. Sec. 23–1023(B), in effect, a one-year statute of limitations? After liberalizing the workmen's compensation laws in 1965 by allowing the injured workman to pursue his claim against the tortfeasor, subject only to the two-year statute of limitations, did the legislature intend to retreat from its liberalization of the law? Did the legislature intend to give the third party tortfeasor a windfall? We shall answer these questions after analyzing two recent decisions, one by Division One of this court and the other by our Supreme Court.

In *Henshaw v. Mays*, 20 Ariz.App. 300, 512 P.2d 604 (1973) a wrongful death action was filed by the plaintiffs one year and five days after the death of the workman. The plaintiffs were receiving benefits under the Workmen's Compensation Act. After the filing of the lawsuit but prior to the expiration of two years from the date of death, the compensation carrier assigned to the plaintiffs all rights it had by virtue of A.R.S. Sec. 23–1023. The tortfeasor was granted summary judgment by the trial court on the grounds that the suit was not filed within one year as required by A.R.S. Sec. 23–1023(B). Division One reversed

holding that the plaintiffs had a valid assignment of the compensation carrier's rights, and therefore there was a valid subsisting claim against the tortfeasor. It seems clear from the court's opinion that upon reassignment the workman can recover the total amount of his claim as if there had never been a statutory assignment. In remarking upon the statutory scheme the court stated:

". . . [I]n the event the injured workman chooses not to bring an action at any time, or the insurance carrier refuses to reassign the action back to the injured workman after one year, the amount of liability of the third party tortfeasor may be limited *to the amount of the carrier obligation*. It is important to point out, however, that whether the incidental benefit of limited liability is bestowed upon the tortfeasor, lies not in the control of the tortfeasor, but depends on the choice of the injured workman and the insurance carrier—*the total liability of the tortfeasor remains exposed, as with any other tortfeasor, for the full two-year statute of limitation period*." (Emphasis added) 20 Ariz.App. at 307, 512 P.2d at 611.

This brings us to the case of *Martinez v. Bucyrus-Erie Company*, 113 Ariz. 119, 547 P.2d 473 (1976). There the injured workman who had received benefits under the Workmen's Compensation Act filed suit against the third party tortfeasor after the lapse of one year from the date of the accident. The Supreme Court upheld the trial court's dismissal of the complaint and held that the workman had no further interest or right upon which he could subsequently base an action. It stated:

"It is to be recognized immediately that the word 'assign' has a definite, fixed, legal meaning and that an unconditional assignment passes to the assignee all the rights, title or interest of the assignor in or to the property or property rights comprehended by the assignment. [citation omitted]. Essentially the right acquired by the assignee is simply that previously possessed by the assignor. Consequently, all of Martinez' interest

passed to the insurance carrier by operation of law when after one year he failed to institute an action for damages against the third party tort-feasor." 547 P.2d at 474.

■■ It is clear that all of the injured workman's claim for damages passes to the compensation carrier. What happens to the claim after the automatic assignment? Does his claim for pain and suffering vanish into thin air after assignment and only special damages survive? That cannot be true since the benefits paid by the compensation carrier may be in excess of any special damages. The assignee may have to prove pain and suffering and other intangibles such as are allowed in wrongful death cases in order to recover compensation benefits which it had paid or would have to pay to the injured workman. Furthermore, under *Henshaw v. Mays*, supra, reassignment by the compensation carrier restores to the workman his full claim.

In *Martinez v. Bucyrus-Erie*, supra, the Court stated:

"A.R.S. Sec. 23–1023(B) simply provides *who* has the right to pursue the claim. The employee is given the right for one year; thereafter the insurance carrier is given the right for one year. The Legislature in effect has said that this right in the insurance carrier is necessary so that it will not be subject to the whims of the employee's decision not to sue after receiving compensation. It permits the carrier to recoup its losses. Nor is the one-year period so short as to be a deprivation of procedural due process. [citations omitted]." (Emphasis in original) 547 P.2d at 476.

This sounds very much as if the problem is a question of who is the real party in interest; however, the Court did not treat it as such since it affirmed the dismissal and did not follow Rule 17, Rules of Civil Procedure, 16 A.R.S. which provides:

". . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after

the objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . . ."

We cannot presume this to have been an oversight.

It thus appears that our Supreme Court would not allow the complaint to be amended as was done here and we cannot do otherwise. Nor can appellant bring in the compensation carrier as an involuntary plaintiff under Rule 19, Arizona Rules of Civil Procedure, 16 A.R.S. since appellant must first show that, without the involuntary plaintiff, he has an interest in the suit which permits him to be a plaintiff. *Martinez* says he has no interest and again, if the Court in *Martinez* felt that he had an interest which would permit the joinder of an involuntary plaintiff it could not have reached its conclusion to affirm the dismissal. We believe, however, that the result of *Martinez v. Bucyrus-Erie*, supra, is not mandated by the Workmen's Compensation Act and is contrary to the intent of the legislature. We do not believe that the legislature intended, by the 1968 amendment, to detract from the right it had previously given the injured workman to recover for all of his injuries and did not intend to give the third party tortfeasor a free ride.

As for the word "assign" its meaning cannot be determined in a vacuum but it must be interpreted in the light of the purposes of the statute. The purpose of A.R.S. Sec. 23–1023(B) was to prevent the compensation carrier's rights from being prejudiced by the inaction of the employee and to prevent the splitting of a claim for relief. With this in mind, we believe that the effect of the statute is to make the compensation carrier a statutory plaintiff. The statute says the carrier may bring an action against a third party tortfeasor or may compromise the claim. It does not say that the compensation carrier can refuse to do anything. We further believe that the effect of the statute is to make the compensation carrier a necessary party since the claim has been assigned to it. Therefore,

when the injured employee, after the expiration of one year, sues the third party tortfeasor he can require the compensation carrier to be made a party to the action. The concept of third party actions and subrogation would then be fulfilled. The employee would be made whole, the compensation carrier would recover its expenditures, the third party tortfeasor would be required to answer for his wrongs and there would be no splitting of any claim for relief.

█ Respondents have made an equal protection argument claiming that any holding against them would be a denial of equal protection of the laws under the Fourteenth Amendment to the United States Constitution. We do not agree. Treating persons who receive compensation under the Workmen's Compensation Act differently from other persons who receive personal injuries constitutes a reasonable classification and therefore is not violative of the Constitution.

We are constrained to grant relief in this action. The order of the trial court allowing respondent Noble to amend his complaint is vacated, the order denying petitioners' motion to dismiss is set aside and the court is ordered to enter an order dismissing the complaint.

KRUCKER, J., concurring.

HATHAWAY, Judge, dissenting.

I must respectfully dissent because I believe my colleagues have misconstrued *Martinez v. Bucyrus-Erie Co.*, 113 Ariz. 119, 547 P.2d 473 (1976), and have erroneously vacated the trial court's order thereby depriving respondent of a valuable right, which, if well founded, my brethren have given to the third party tortfeasor.

In *Martinez*, the Arizona Supreme Court held that the injured workman could not maintain an action against the third party tortfeasor because the claim had been statutorily assigned to the carrier. The court very clearly specified that "all of Martinez' interest passed to the insurance carrier by

operation of law . . . ." The court stated that A.R.S. Sec. 23–1023(B),

> "simply provides *who* has the right to pursue the claim." (Emphasis in original)

The claim, of course, includes all items of damages sustained by the injured workman—even damages above and beyond the compensation benefits which the carrier is entitled to recoup. The cause of action thus remains intact; and splitting is avoided.

Legal title to the claim, i.e., the right to pursue the claim, passes by operation of law, but the beneficial interest in damages above the amount necessary to repay the carrier remains with the injured workman because the carrier cannot be permitted to profit from the workman's injuries.[1] Nor is the tortfeasor entitled to a gratuity in the form of a diminution of the claim or a shortened statute of limitations. The Act is primarily for the benefit of the injured worker and secondarily for the benefit of the employer. The Act "confers no rights on such third parties." *State ex rel. Industrial Commission v. Pressley*, 74 Ariz. 412, 418, 250 P.2d 992 (1952). Also see *Henshaw v. Mayes*, 20 Ariz.App. 300, 512 P.2d 604 (1973), cited in *Martinez, supra,* recognizing the validity of a reassignment to the workman and noting that the reason most generally given for disallowing assignment of tort actions for personal injuries did not exist when the reassignment was to the "very party who experienced the pain and suffering."

In *Martinez v. Bucyrus-Erie, supra,* the workman brought the suit solely in his own name and did not sue on behalf of the carrier. In the situation before us the respondent-plaintiff in bringing the action for the benefit of the carrier has fully protected the carrier who will recover any amount of benefits paid to the injured workman before he receives any share of the recovery. The workman is also protected in that he will receive any excess not paid to the carrier. The third party tortfeasor is subjected to the same amount of liability for the same length of time to which any other tortfeasor would be exposed. He defends only one lawsuit and is not prejudiced.

In *Martinez*, our Supreme Court looked to Kansas, noting similarities with our statutes, citing *Erb v. Atchison, Topeka & Santa Fe Railway Co.*, 180 Kan. 60, 299 P.2d 35 (1956), where the Kansas Supreme Court held that an injured workman could not maintain an action solely in his own name after the cause of action had been statutorily assigned to the employer. I find the Kansas cases persuasive and see the procedure followed by the plaintiff in the case before us has been approved in that jurisdiction. *Houk v. Arrow Drilling Co.*, 201 Kan. 81, 439 P.2d 146 (1968); *Lady v. Ketchum*, 186 Kan. 614, 352 P.2d 21 (1960). Also see *Klein v. Wells*, 194 Kan. 528, 400 P.2d 1002 (1965).

Respondent would seem to come within the language of Rule 19(a), Arizona Rules of Civil Procedure, as an indispensable party to this action. In any event, he would surely qualify as a permissive party under Rule 20(a). I believe the procedure followed by respondent was proper and that the trial court was correct in permitting it.

---

1. *Industrial Commission v. Nevelle*, 58 Ariz. 325, 119 P.2d 934 (1941), held the statutes made no provision for the carrier collecting such excess and remitting it to the injured workman. It follows the workman must intervene if his interest is to be preserved.