567 P.2d 325

**K. W. DART TRUCK COMPANY, a corporation, and Southwest Kenworth, Inc., a corporation, Petitioners,**

v.

**Robert D. NOBLE and the Honorable William E. Druke, Respondents.**

**No. 12951–PR.**

Supreme Court of Arizona, In Banc.

July 15, 1977.

Mesch, Marquez & Rothschild by Alfred C. Marquez, Tucson, for petitioners.

Miller, Pitt & Feldman by Stanley G. Feldman, Janice A. Wezelman, Tucson, for respondents.

STRUCKMEYER, Vice Chief Justice.

This is an appeal of a special action filed in the Court of Appeals, Division Two, to determine whether the Superior Court of Pima County exceeded its jurisdiction in denying a motion to dismiss. We accepted jurisdiction on review. Opinion of the Court of Appeals, 116 Ariz. 12, 567 P.2d 328 (1976), is vacated. The orders of the Superior Court granting respondent Robert D. Noble's motion to amend his complaint, and the order denying petitioners' motion to dismiss are set aside.

On August 20, 1973, respondent, Robert D. Noble, an employee of the American Smelting and Refining Company, was injured in the course of his employment. He applied for and received benefits pursuant to Arizona's Workmen's Compensation Law. By A.R.S. § 23–1023(A), an employee who is injured by the negligence or wrong of another not in the same employ may bring an action to recover for such negligence or wrong. But by § 23–1023(B):

"If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof."

Noble did not pursue his remedy against the actual tort-feasor within the one year provided by this statute. Instead, on Au-

gust 18, 1975, nearly a year after the claim had been assigned by operation of law to his employer's insurance carrier, he filed a complaint in the Superior Court of Pima County naming petitioners as defendants in an action for damages. And when petitioners filed a motion to dismiss Noble's complaint, he filed a motion to amend and an amended complaint, asserting that the action was brought for and on behalf of the American Smelting and Refining Company, his employer, and he joined his employer as an involuntary plaintiff under Rules of Civil Procedure, Rule 19, 16 A.R.S. The trial court denied petitioners' motion to dismiss. The Court of Appeals reversed.

In our decision, *Martinez v. Bucyrus-Erie Co.*, 113 Ariz. 119, 547 P.2d 473 (1976), we construed the language of § 23–1023(B), saying:

> "It is to be recognized immediately that the word 'assign' has a definite, fixed, legal meaning and that an unconditional assignment passes to the assignee all the rights, title or interest of the assignor in or to the property or property rights comprehended by the assignment. *Valley National Bank of Arizona v. Byrne,* 101 Ariz. 363, 419 P.2d 720 (1966)." 113 Ariz. at 120, 547 P.2d at 474.

Section 23–1023(B) is an unconditional statutory assignment of the injured employee's right of action to the insurance carrier where the employee does not bring an action within one year. Generally an unliquidated claim for damages arising out of a tort is not assignable, *State Farm Fire & Cas. Co. v. Knapp,* 107 Ariz. 184, 484 P.2d 180 (1971), but the Legislature has the power to give the right of acquiring by assignment an interest in a claim to another person. *Neal v. Buffalo, R. & P. Ry.,* 103 Pa.Super. 218, 158 A. 305 (1931). While in *State Farm Fire & Cas. Co. v. Knapp* we quoted from *Travelers Indemnity Co. v. Chumbley,* 394 S.W.2d 418 (Mo.App.1965), that to change the rule against the assignment of tort claims would lift " 'the lid on a pandora's box crammed with both practical and legal problems' ", this statute, A.R.S. § 23–1023, is of limited application and written in simple, easily understood language.

It literally says that if the injured employee feels that his claim against the tort-feasor is so meritless or lacks such pecuniary value as to justify the commencement of an action, or for any reason whatsoever fails to bring an action within one year, his claim is transferred to his employer's insurance carrier. The carrier then has one year to decide whether to bring an action. The second sentence of § 23–1023(B) says that after the assignment the claim "may be prosecuted or compromised by the insurance carrier." The insurance carrier is thereby authorized to bring a suit or to settle the claim, either with or without suit.

We said in *City of Phoenix v. Dickson,* 40 Ariz. 403, 12 P.2d 618 (1932):

> " 'A right to sue for an injury, is a right of action—it is a thing in action, and is property.' " 40 Ariz. at 406, 12 P.2d at 619.

Since the language of the statute is permissive, the insurance carrier as the assignee and owner of the property may decide to or decide not to prosecute an action, just as the owner of any property has the right to decide what its disposition shall be. There was no reason for the Legislature to spell out that the insurance carrier can refuse to bring a legal action if it chooses. That is the legal right of every owner of property.

There is no implication from the language of the statute that the whole claim is not assigned to the carrier. Nor is there an equitable or beneficial interest which remains in the employee. Were this the Legislature's intent, it would have said so.

The order of the Superior Court permitting the complaint to be amended is set aside with directions that petitioners' motion to dismiss be granted.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.