579 P.2d 46

John Clark TRUJILLO and R. E. Lee
Mechanical Contracting, Inc.,
Petitioners,

v.

Tanya Katrina BRASFIELD, a protected
person by Connie Aguilar, guardian and
conservator, and Mary A. Brasfield, wid-
ow of Harold Brasfield, Deceased, and
Mary A. Brasfield, as Personal Repre-
sentative of Mark H. Brasfield, James
D. Brasfield, Kathryn A. Brasfield, Joan
M. Brasfield, and Tanya Katrina Bras-
field, the State Compensation Fund, and
the Honorable Gilbert Veliz, Respon-
dents.

No. 2 CA–CIV 2810.

Court of Appeals of Arizona,
Division 2.

Feb. 17, 1978.

Rehearing Denied March 21, 1978.

Review Denied April 18, 1978.

Mesch, Marquez & Rothschild, P. C. by
Alfred C. Marquez, Tucson, for petitioners.

Vincent E. Odgers, Tucson, for Tanya
Brasfield.

Barber, Haralson & Kinerk, P. C. by Bur-
ton J. Kinerk, Tucson, for respondents
Brasfield.

OPINION

HATHAWAY, Judge.

Petitioners bring this special action to
challenge the denial of their motion for
leave to file an amended answer and motion
to dismiss. The denials of such motions are
not appealable orders, A.R.S. § 12–2101 (as
amended), and we think relief by way of
special action is appropriate in this case
where our decision will effectively termi-
nate the litigation.

Petitioners are the defendants in two ac-
tions filed by the respondents as the result
of an automobile accident which occurred
October 2, 1973, involving vehicles operated
by John Clark Trujillo in the scope of his
employment with R. E. Lee Mechanical,
Inc., and by Harold D. Brasfield in the
scope of his employment with Bill Flana-
gan's Wholesale Motors. Brasfield died as
a result of the injuries he sustained in the
accident and his survivors started receiving
benefits from the State Compensation
Fund. The two lawsuits were filed by the
respondents on September 25, 1975 and Oc-
tober 1, 1975. It is undisputed that at the
time of the filing of the complaints, the
State Compensation Fund had not assigned
to respondents the cause of action for the
death of Harold Brasfield. On August 11,

1976, the State Compensation Fund filed a complaint in intervention alleging that the Fund had compensated and was continuing to compensate the respondents pursuant to A.R.S. § 23–1046 (as amended). The Fund sought judgment against the petitioners for any amounts it might be required to pay to the survivors of Brasfield. Petitioners' answer alleged that the claim of the State Compensation Fund was barred by the statute of limitations under A.R.S. § 12–542 (as amended).

Petitioners filed a motion to dismiss on the ground that the respondents had no cause of action since the complaints were not filed within one year from the date of the accident and they had received no assignment from the Fund of the cause of action. Subsequently, on April 13, 1976, an assignment from the State Compensation Fund to Mary Brasfield, the widow, was accomplished. After the petitioners had filed their motion to dismiss, the respondents alleged that the time limitation was an affirmative defense which should have been pleaded by the petitioners in their answer and therefore had been waived. Petitioners filed a motion for leave to amend the answer to allege the lack of assignment and the statute of limitations. The respondent court denied both motions.

The primary question, then, is whether respondents had any interest in a cause of action at the time they filed their complaints. *K. W. Dart Truck Company v. Noble,* 116 Ariz. 9, 567 P.2d 325 (1977), is dispositive of this issue. In that case, our Supreme Court noted that an employee entitled to compensation under A.R.S. § 23–1023(A) may bring an action to recover for injuries but, under § 23–1023(B), must do so within one year after the cause of action accrues and thereafter, the claim is automatically assigned to the insurance carrier or other person liable for payment. In the instant situation, the cause of action was thus automatically assigned to the State Compensation Fund on October 2, 1974, one year after the injuries were suffered and it had one year to decide whether to bring an action. What remained in the respondents,

then, when they filed their lawsuits on September 25, 1975 and October 1, 1975? Absolutely nothing. As was said in *Dart:*

> "There is no implication from the language of the statute that the whole claim is not assigned to the carrier. Nor is there an equitable or beneficial interest which remains in the employee. Were this the Legislature's intent, it would have said so." 567 P.2d at 327.

As to the complaint filed by the State Compensation Fund 34 months after the accident, there is no question that the motion to dismiss should have been granted since the petitioners did assert the statute of limitations in their answer to that complaint. Regarding the complaints filed by respondents within the second year after the accident without benefit of an assignment by the State Compensation Fund, it must be decided whether failure to allege the statute of limitations in their answer prevents petitioners from raising such a defense. The respondents argue that even though Rule 15(a), Arizona Rules of Civil Procedure, 16 A.R.S., states that "Leave to amend shall be freely given when justice requires.", to do so in this case would burden them with undue prejudice and cause the action to be decided on a technicality, rather than on the merits. The respondents have failed to deal with the case of *Romo v. Reyes,* 26 Ariz.App. 374, 548 P.2d 1186 (1976), cited by the petitioners, which effectively destroys their argument. In that case we said:

> " . . . that even where a party is prejudiced, the prejudice must be balanced against the hardship to the moving party if leave to amend is denied. *Green Reservoir Flood Control Dist. v. Willmoth,* 15 Ariz.App. 406, 489 P.2d 69 (1971). However, the 'prejudice' referred to in Wright & Miller [5 Wright & Miller, Federal Practice & Procedure, § 1394 at 871] is not that occasioned by defeat on the merits, but rather the inconvenience and delay suffered when the amendment raises new issues or inserts new parties into the litigation. *See, Williams v. Unit-*

**10**

*ed States,* 405 F.2d 234 (5th Cir. 1968)." 26 Ariz.App. at 376, 548 P.2d at 1188. We also dealt with the question of waiver:

"Respondents contend that after the original answer was filed and the statute of limitations was not pleaded affirmatively, such defense was waived and therefore any attempt to assert it now would be ineffective. It is true that a defense such as the statute of limitations may be waived, but only if not asserted prior to judgment. In *Groninger v. Davison,* 364 F.2d 638 (8th Cir. 1966) the United States Court of Appeals for the Eighth Circuit dealt with a situation involving an amendment of an answer by addition of the limitations defense. The opinion contains a good discussion of cases involving amendment and comes to the same conclusion as we do, i. e., that waiver is not final before judgment and most cases which speak to the contrary are usually cases where the affirmative defense is raised for the first time on appeal. *Ashton v. Glaze,* 95 F.2d 427 (9th Cir. 1938); *Limberopoulos v. Tom Fannin & Associates,* 17 Ariz.App. 35, 495 P.2d 475 (1972). And it has been recognized that a party may avoid waiver by seeking leave to amend to interpose the affirmative defense inadvertently omitted. 5 Wright & Miller, Federal Practice & Procedure, § 1394 at 871." 26 Ariz.App., at 376, 548 P.2d at 1188.

We believe the respondent court erred in not granting the motion for leave to amend the answer and therefore the motion to dismiss. The orders denying said motions are hereby vacated with directions to enter an appropriate order consistent with this opinion.

Relief granted.

RICHMOND, C. J., and HOWARD, J., concur.