Jon F. GOULDING, a single
man, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 78–92 Phx. WPC.

United States District Court,
D. Arizona.

April 9, 1980.

George M. Ireland of Ireland, Lange &
Larson, P.C., Prescott, Ariz., for plaintiff.

Karin Kirksey Zander, Asst. U. S. Atty.,
Dept. of Justice, Phoenix, Ariz., for defend-
ant.

MEMORANDUM AND ORDER

COPPLE, District Judge.

Plaintiff was injured while working at
the United States Army Ordnance depot on

July 3, 1975. Plaintiff applied for and received workmen's compensation benefits. On September 22, 1976, a Standard Form 95, Claim for Damage, Injury or Death, was presented to the Army on which plaintiff claimed $1,000,000.00 in damages. Plaintiff's claim was denied by the Army, and on February 2, 1978, plaintiff filed the present action against the United States pursuant to the Federal Tort Claims Act ("FTCA"). Defendant now moves to dismiss the action, arguing that the court lacks subject matter jurisdiction and the complaint fails to state a claim upon which relief can be granted.

■■ Before an action for money damages arising out of a personal injury can be instituted against the United States, a claim must be presented to the appropriate federal agency. 28 U.S.C. § 2675 (1976). The claim must be made within two years after the claim accrues. 28 U.S.C. § 2401(b) (1976). Presentation of the claim to the federal agency is a jurisdictional prerequisite to bringing an action in federal court and cannot be waived. *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977). Moreover, if the claim presented to the federal agency is not a valid claim, the jurisdictional prerequisite has not been met. *See House v. Mine Safety Appliances Co.*, 573 F.2d 609, 617–18 (9th Cir. 1978); *Blain v. United States, supra.*

■■ Under the circumstances existing at the time plaintiff presented his claim to the Army, he no longer had a valid claim under Arizona law. In Arizona, an injured employee has one year in which to institute an action against the party responsible for the injury. Ariz.Rev.Stat.Ann. § 23–1023(B) (Supp.1979). If the employee does not institute an action during that year, the claim is deemed assigned to the party liable for the payment of the employee's workmen's compensation claim. *Id.* This is an unconditional statutory assignment of the injured employee's right of action, and no equitable or beneficial interest remains in the employee. *K. W. Dart Truck Co. v. Noble*, 116 Ariz. 9, 11, 567 P.2d 325, 327 (1977). If the employee does not commence an action within one year after the claim accrues, he has no further interest or right upon which he could subsequently base an action. *Martinez v. Bucyrus-Erie Co.*, 113 Ariz. 119, 120, 547 P.2d 473, 474 (1976). When plaintiff presented his claim to the Army, fourteen months had elapsed from the time his claim accrued. Therefore, a valid claim was never presented to the appropriate federal agency, and the court lacks jurisdiction.

■ Plaintiff has also failed to state a claim upon which relief can be granted. Under the FTCA, the United States can be held liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674 (1976). Since plaintiff did not institute proceedings to recover on his claim until fourteen months had elapsed, he could not recover against a private individual absent a timely reassignment of his claim. Under Ariz.Rev.Stat.Ann. § 23–1023(B), the claim can be reassigned to the injured employee. However, the reassignment must be made within two years after the original claim accrued; otherwise, the claim is barred by the statute of limitations. *See Trujillo v. Brasfield*, 119 Ariz. 8, 9–10, 579 P.2d 46, 47–48 (1978). In the present case, the claim was reassigned to plaintiff on October 29, 1979, well beyond the two-year period of limitations. Therefore, plaintiff's claim is barred by the statute of limitations.

IT IS ORDERED:

1. Defendant's motion to dismiss is granted, and the complaint and action are dismissed with prejudice.

2. The pretrial conference scheduled for May 5, 1980, is vacated.