**Sharon Ann STARKS, a single woman, Plaintiff,**

v.

**S. E. RYKOFF & COMPANY, a corporation, and Star Manufacturing Company, Inc., a corporation, Defendants.**

**No. CIV 78–174 PHX CLH.**

United States District Court,
D. Arizona.

Jan. 14, 1981.

Charles A. Filler, Filler, Paytas, Shannon & Fleming, P. C., Phoenix, Ariz., for plaintiff.

William T. Birmingham, Jennings, Strouss & Salmon, Phoenix, Ariz., for defendants.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

The Court has had under advisement the Defendants' Motion for Summary Judgment. For the reasons herein stated, the motion will be granted.

On February 6, 1976, Sharon Starks, the plaintiff, was seriously injured while working. She has been receiving workmen's compensation benefits from the State Compensation Fund. On November 2, 1977 Ms. Starks and the Fund entered into an agree-

ment whereby the Fund assigned to Ms. Starks all of its rights against any third persons responsible for her injuries. Ms. Starks then commenced this action to recover damages from the defendants for the injuries she suffered as a result of the accident on February 6, 1976.

Both of the defendants are foreign corporations. This Court has jurisdiction by virtue of 28 U.S.C. § 1332.

The defendants correctly argue that the assignment by the Fund to Ms. Starks was not authorized by Arizona Law.

Arizona has adopted the common law as the rule of decision in all courts of the state. A.R.S. § 1–201.

 The common law rule is that, in the absence of a statute to the contrary, tort actions for personal injuries are not assignable. *Harleysville Mutual Insurance Co. v. Lea*, 2 Ariz.App. 538, at 541, 410 P.2d 495 (1966).

■ Arizona's Workmen's Compensation Act includes a provision, A.R.S. § 23–1023(B), which is contrary to the general rule. It provides:

> "If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof."

Since plaintiff failed to commence her lawsuit within one year, her claim was assigned to the Fund by operation of the statute. That assignment divested Ms. Starks of any interest in the action for personal injuries. *K.W. Dart Truck Co. v. Noble*, 116 Ariz. 9, 567 P.2d 325 (1977); *Martinez v. Bucyrus-Erie Co.*, 113 Ariz. 119, 547 P.2d 473 (1976).

■ Statutes should be construed consistently with the common law. *United Bank v. Mesa N.O. Nelson Co.*, 121 Ariz. 438, 590 P.2d 1384 (1979). And where the Legislature has not clearly manifested its intent to repeal a common law rule, it will not be abrogated. *Kilmer v. Hicks*, 22 Ariz.App. 552, 529 P.2d 706 (1974).

A.R.S. § 23–1023(B) provides for only one assignment, from the injured employee to the insurance carrier when the employee fails to bring an action within one year of injury. There is no mention of any other assignment of the claim. In the absence of a clear legislative intent otherwise, the common law prohibition of assignments of personal injury claims applies, and the purported reassignment to Ms. Starks is invalid.

IT IS ORDERED granting Defendants' Motion for Summary Judgment.