625 P.2d 890

**Dave ROSS and Jane Doe Ross, husband and wife; John Hovis and Jane Doe Hovis, husband and wife; William Hainke and Jane Doe Hainke, husband and wife; Harry Paulson and Jane Doe Paulson, husband and wife; Rudy Armstrong and Jane Doe Armstrong, husband and wife, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, William T. Moroney, Judge, and Susan Hope Frisque Dowell, real party in interest, Respondents.**

No. 15267.

Supreme Court of Arizona,
In Banc.

Feb. 24, 1981.

Rehearing Denied March 31, 1981.

Black, Robertshaw, Frederick, Copple & Wright by Harold A. Frederick, Phoenix, for petitioners.

Kleinman, Carroll & Kleinman by Frank Lesselyong, Phoenix, for respondent Susan Hope Frisque Dowell.

STRUCKMEYER, Chief Justice.

This special action was brought to set aside an order of The Honorable William T. Moroney, Judge of the Superior Court of Maricopa County, Arizona, denying petitioners' motion for summary judgment in Civil Cause No. C–420592 of the Superior Court of Maricopa County. Petitioners' prayer for relief is granted. The Superior Court is directed to vacate its order denying petitioners' motion for summary judgment and to enter summary judgment in favor of petitioners.

The real party in interest, Susan Hope Frisque Dowell, was injured while working as a cement finisher on July 23, 1979. Thereafter, on July 17, 1980, the Industrial Indemnity Company, respondent's workmen's compensation carrier, assigned to Dowell its interest in her claim for personal injury against third parties which by operation of law on July 24, 1980 would have been assigned to the carrier. On September 19, 1980, Dowell commenced the suit, Cause C–420592, alleging negligent construction of a scaffold. The petitioners here, defendants below, filed a motion for summary judgment on the ground that pursuant to A.R.S. § 23–1023(B), after July 23, 1980 Dowell no longer had a claim to prosecute.

Paragraph B of § 23–1023 provides:

"If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof."

It is the respondents' position that the Court of Appeals in *Henshaw v. Mays*, 20 Ariz.App. 300, 512 P.2d 604 (1973), held that

**302**

an insurance carrier may reassign to the injured workman the right to maintain an action previously assigned by force of A.R.S. § 23–1023(B), supra. However, on October 21, 1980, this Court issued its opinion in *Stephens v. Textron, Inc.*, Ariz., 619 P.2d 736 (1980). There we said:

> " * * * we do not lend our approval to *Henshaw v. Mays*, supra." *Id.* at 739.

And we said that:

> "It is an open question whether a claim may be reassigned * * *." *Id.*

We now hold that the claim assigned to the insurance carrier by operation of law is neither assignable to a third person nor reassignable to the insurance claimant. We previously said in *K. W. Dart Truck Co. v. Noble*, 116 Ariz. 9, 567 P.2d 325 (1977):

> "Generally an unliquidated claim for damages arising out of a tort is not assignable, *State Farm Fire and Cas. Co. v. Knapp*, 107 Ariz. 184, 484 P.2d 180 (1971), but the Legislature has the power to give the right of acquiring by assignment an interest in a claim to another person." *Id.* at 11, 567 P.2d 325.

The Legislature has given a claimant a full year within which to bring an action against a tort-feasor who is not in the same employ. If his action is so meritless, lacks such pecuniary value, or the time is frittered away, we see no reason to recede from the rule that an unliquidated claim for damages arising out of a tort is not assignable.

HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.