**Sharon Ann STARKS, a single woman, Plaintiff-Appellant,**

v.

**S. E. RYKOFF & COMPANY, a corporation; Star Manufacturing Company, Inc., a corporation; et al., Defendants-Appellees.**

**No. 81–5196.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 1982.

Decided April 9, 1982.

---

Charles A. Filler, Scottsdale, Ariz., for plaintiff-appellant.

William T. Birmingham, Phoenix, Ariz., argued, for defendants-appellees; Steven C. Lester, Jennings, Strouss & Salmon, Phoenix, Ariz., on brief.

Before WRIGHT, ALARCON and REINHARDT, Circuit Judges.

## OPINION

ALARCON, Circuit Judge:

Sharon Ann Starks appeals from the grant of summary judgment by the district court, 504 F.Supp. 1300, dismissing this action against S. E. Rykoff & Co. and Star Manufacturing Co. [Appellees]. At issue is the validity of the reassignment of Starks' personal injury claim by the Arizona state compensation fund [Fund]. The questions before this court are (1) the validity of the reassignment under Arizona law, and (2) whether the retroactive statutory authorization of the reassignment violates the due process clause of the fourteenth amendment to the Federal Constitution. Because it is our view that the reassignment is valid

under both state and federal law, we reverse the district court.

## I.

Starks was injured in the course of employment. Since she did not bring a personal injury suit within one year from the date of injury, her claim was automatically assigned by operation of law to the Fund. Ariz.Rev.Stat.Ann. § 23–1023(B).[1] The Fund later reassigned the claim to Starks. Starks filed suit in an Arizona superior court before the statute of limitations elapsed for bringing a personal injury action. Appellees, the manufacturer and the distributor of the product that allegedly caused her injury, were named as defendants. Appellees removed to federal court on the basis of diversity and subsequently moved for summary judgment. The district court below held Starks' reassignment invalid under Arizona law and therefore granted the motion.

## II.

■ Jurisdiction in this matter is based on diversity. We must therefore apply the law of the state in which the district court sits. *See Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Tomlin v. Boeing Co.*, 650 F.2d 1065, 1067 (9th Cir. 1981). The dispute in this case has centered on, *inter alia*, whether the reassignment of the personal injury claim from the Fund to Starks was valid under Arizona law.

While this case was pending, the Arizona Legislature amended Ariz.Rev.Stat.Ann. § 23–1023(B) to authorize reassignments of personal injury claims.[2] The amendment expressly stated it was to be applied to pending cases assigned or reassigned under Ariz.Rev.Stat.Ann. § 23–1023.[3]

Prior to oral argument before this court, the Arizona Supreme Court upheld the amendment, including its retroactive features, as constitutional under the state constitution. *Chevron Chemical Co. v. Superior Court*, 131 Ariz. 431, at 440, 441, 641 P.2d 1275, at 1284, 1285 (Ariz. 1982). Because this case was assigned and reassigned pursuant to Ariz.Rev.Stat.Ann. § 23–1023 and was pending appeal when the amendment was enacted, Starks' reassignment is valid under the Arizona Supreme Court's holding in *Chevron*. We must therefore find Starks' reassignment valid.

## III.

[3] Appellees contend the retroactive application provided for by Ariz.Rev.Stat. Ann. § 23–1023(B), as recently amended, violates their right to due process under the fourteenth amendment. Appellees argue that the retroactive effect creates a new claim, or revives a dead one.[4] We are told

---

1. The assignment was made pursuant to Ariz. Rev.Stat.Ann. § 23–1023(B):

   If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof....

2. The amendment was enacted immediately after the Arizona Supreme Court held reassignments by an insurance carrier to the insurance claimant invalid in *Ross v. Superior Court*, 128 Ariz. 301, 302, 625 P.2d 890, 891 (1981). The amendment explicitly provides that an assigned claim may be reassigned in its entirety to the employee or his dependents: "[A] claim ... assigned [to the insurance carrier by operation

of law] may be prosecuted or compromised by the insurance carrier ..., or may be reassigned in its entirety to the employee or his dependents...." Ariz.Rev.Stat.Ann. § 23–1023(B).

3. Ariz.Rev.Stat.Ann. § 23–1023, Sec. 2(A) provides: "Any claim which was ... commenced pursuant to ... reassignment under § 23–1023, Arizona Revised Statutes ... prior to expiration of the statute of limitations and ... which is currently being appealed ... shall be valid."

4. Appellees also contend that their defenses of an invalid contract, lack of standing, and the bar of the statute of limitations are removed by A.R.S. § 23–1023(B). These claims, however, are really a restatement of the argument that extending the statute of limitations creates a new claim or revives a dead one.

that under either view, the bar limiting the liability of Appellees to money actually paid by the Fund is removed; they are again subject to general damages. Appellees argue that this result violates their right to due process.

■ The above contentions by the Appellees are nothing more than a claim that the retroactive application of the statute serves to extend a lapsed statute of limitations. This result is not, however, unconstitutional. Where a lapse of time has not invested a party with title to real or personal property, a state legislature may extend a lapsed statute of limitations without violating the fourteenth amendment, regardless of whether the effect is seen as creating or reviving a barred claim. *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 311–13, 65 S.Ct. 1137, 1140–42, 89 L.Ed. 1628 (1945).

In *Chase Securities*, the Minnesota Legislature had enacted a statute which amended the Minnesota Securities Act Blue Sky Law. The effect of this on a pending action was to remove the bar of the statute of limitations. The appellant argued that this amounted to taking its property without due process of law. 325 U.S. at 305, 65 S.Ct. at 1138. The Court rejected this contention. *Id.* at 315–16, 65 S.Ct. at 1142–43. The shelter of a statute of limitations has never been regarded as a fundamental right, and the lapse of a statute of limitations does not endow a citizen with a vested property right in immunity from suit. *Id.* at 314, 316, 65 S.Ct. at 1142, 1143. The Supreme Court has thus rejected the very due process argument Appellees urge upon this court. Appellees' claim must fail.

Appellees' reliance on *William & Danzer Co. v. Gulf & Ship Island Railroad*, 268 U.S. 633, 45 S.Ct. 612, 69 L.Ed. 1126 (1925) to support their due process claim is misplaced. *Danzer* held that some statutes of limitations "constitute a part of the definition of

a cause of action created by the same or another provision, and operate as a limitation upon liability.... [Retroactive extension of such lapsed statutes would] deprive defendant of its property without due process of law...." *Id.* at 637, 45 S.Ct. at 613. Subsequent to *Danzer*, the Supreme Court decided *Chase* which upheld the validity of extending a statute of limitations after it had run.

This court in *Davis v. Valley Distributing Co.*, 522 F.2d 827, 830 n.7 (9th Cir. 1975), *cert. denied*, 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977), noted that *Danzer's* construction of the limitations provision had been thought necessary to implement the strong congressional policy favoring uniformity of rates among shippers.[5] This court read *Chase* to have distinguished *Danzer* on the grounds that Congress had intended the expiration period to put an end to the liability itself, not to the remedy alone. 522 F.2d at 830 n.7.

There is no reason to believe that when the Arizona legislature amended Ariz.Rev. Stat.Ann. § 23–1023(B) it intended to depart from the general rule that statutes of limitation go to matters of remedy only. *Danzer* is therefore inapposite to this case. There is no due process violation.

Because Starks' reassignment is valid under Arizona law, and constitutional under the fourteenth amendment, the Order of Summary Judgment is REVERSED.

---

5. It was feared this policy would be undermined by application of varying state periods of limitations, or by carriers' waiver of the limitation defenses in some cases but not others. 522 F.2d at 830 n.7.