674 P.2d 320

**Judith Ann STIREWALT, in her own behalf and on behalf of Brian Craig Stirewalt and Michael Jordan Stirewalt, minors, Plaintiffs-Appellants,**

**v.**

**P.P.G. INDUSTRIES, INC., a Pennsylvania corporation; Meyer Drum Company; Kaiser Steel Corporation, dba Meyer Drum Company; Kaiser Steel Corporation, a Nevada corporation; and Accel Plastic Products, Inc., an Arizona corporation, Defendants-Appellees.**

No. 1 CA–CIV 6075.

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 4, 1983.

Review Denied Jan. 4, 1984.

Tolman & Martineau by J. Robert Tolman, Mesa, for plaintiffs-appellants.

Snell & Wilmer by James R. Condo, R. Chris Reece, Phoenix, for defendant-appellee P.P.G. Industries, Inc.

Gallagher & Kennedy by Michael K. Kennedy, John Dillingham, Kevin E. O'Malley, Phoenix, for defendant-appellee Accel Plastic Products, Inc.

Crampton, Woods, Broening & Oberg by James R. Broening, Jan E. Cleator, Phoenix, for defendants-appellees Meyer Drum Co. and Kaiser Steel Corp.

## OPINION

FROEB, Judge.

Judith Ann Stirewalt, in her own behalf and on behalf of Brian Craig Stirewalt and Michael Jordan Stirewalt, minors (plaintiffs), appeal from the grant of summary judgment by the trial court dismissing their wrongful death suit against P.P.G. Industries, Inc., Meyer Drum Co., Kaiser Steel Corporation, and Accel Plastic Products, Inc. The issue presented to this court is the validity of the reassignment of plaintiffs' wrongful death claim by decedent's workers' compensation carrier, Wausau Insurance Company (insurance carrier).

Plaintiffs' decedent, Steven Stirewalt, was fatally injured on June 7, 1978, in the course and scope of his employment. Plaintiffs filed for and received workers' compensation death benefits, but did not file a personal injury lawsuit within one year from the date of injury. Consequently, their claim was automatically assigned by operation of law to plaintiffs' decedent's insurance carrier.[1] The insurance carrier reassigned the claim to plaintiffs on June 6, 1980, one day before the limitations period on the claim would have run. The same day plaintiffs filed suit against defendants.

As this lawsuit was proceeding to trial, the posture of the litigation changed dramatically with the Arizona Supreme Court's decision in *Ross v. Superior Court,* 128 Ariz. 301, 625 P.2d 890 (1981). In *Ross,* filed February 24, 1981, the court held that, as a matter of law, a "claim assigned to the insurance carrier by operation of law is neither assignable to a third party or reassignable to the insurance claimant." *Id.* at 302, 625 P.2d at 891. On the basis of *Ross,* defendants filed motions for summary judgment, claiming the purported reassignment was invalid, and that plaintiffs' suit was barred as a matter of law. The motions were granted and final judgments were entered for defendants on April 17, 20 and 23, 1981. A timely notice of appeal therefrom was filed by the defendants on May 15, 1981.

On April 27, 1981, between the entry of judgments and the filing of the notice of

---

1. The assignment was made in accordance with A.R.S. § 23–1023(B), which at the time provided:

   If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof.

appeal, the Arizona Legislature passed and the governor signed into law, H.B. 2176, amending A.R.S. § 23–1023, authorizing reassignments of personal injury claims.[2] It may be assumed this was in response to the *Ross* decision. The reassignment provision of the amendment further provided that it was applicable to all pending cases assigned or reassigned under A.R.S. § 23–1023.[3]

On May 18, 1981, plaintiffs filed, pursuant to rule 60(c), Arizona Rules of Civil Procedure, a motion to set aside judgments based upon the amendment and additions to A.R.S. § 23–1023. The trial court denied the motion and plaintiffs subsequently appealed to this court.

After this appeal was deemed "at issue," the Arizona Supreme Court decided *Chevron Chemical Co. v. Superior Court*, 131 Ariz. 431, 641 P.2d 1275 (1982). The supreme court's decision in *Chevron Chemical* upheld the validity of amended A.R.S. § 23–1023, including the statute's retroactive provision, rejecting the argument that the retroactivity provision violated the state or federal constitutions.[4]

Plaintiffs then filed a motion in this court for an order remanding this case to the superior court for a trial on the merits for the reason that the *Chevron Chemical* decision is dispositive of all issues. The motion was successfully opposed by defendants who argued that the *Chevron Chemical* decision did not address all of the constitutional arguments raised in the present case.

We did, however, permit plaintiffs to file a reply brief addressing the *Chevron Chemical* decision. Defendants were also permitted to file a joint supplemental answering memorandum. The narrow issue as framed by the supplemental arguments before this court is whether the *Chevron Chemical* decision controls the outcome of this case. Defendants argue that the retroactive provision of A.R.S. § 23–1023, as amended, violates due process by depriving defendants of a vested right to the defense of nonassignability of unliquidated tort claims. They argue that this issue was not addressed by the court in *Chevron Chemical*.

In deciding this issue we begin with the presumption favoring the constitutional validity of this statute. Defendants therefore bear the burden of proving that the statute infringes upon a constitutional guarantee or violates some constitutional principle. *State v. Yabe*, 114 Ariz. 89, 559 P.2d 209 (App.1977). Whenever possible, we will construe a statute so as to give fair import to its terms in order to effect its object and promote justice. *State v. Valenzuela*, 116 Ariz. 61, 567 P.2d 1190 (1977). We will not declare an act of the legislature unconstitutional unless satisfied beyond a reasonable doubt that the act is in conflict with the federal or state constitutions. *Chevron Chemical Co. v. Superior Court.*

In our opinion, this issue is controlled by the supreme court's decision in *Chevron Chemical*. The issue there was whether "a statute of limitations defense is a vested property right which may not be taken without due process of law contrary to the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, Section 4 of the Arizona Constitution." *Id.* 131 Ariz. at 438, 641 P.2d at 1282. We see no distinction between the issue presented here and that in *Chevron Chemical*. We are not persuaded by defendants' attempt at a second bite at the apple merely by restating the issue. The net effect of the

**2.** The amendment provides that any assigned claim may be reassigned in its entirety to the employee or his dependents and that after reassignment the claim may be pursued as if it had been filed within the first year. *See* A.R.S. § 23–1023(B).

**3.** Laws 1981, Ch. 226, Sec. 2(A) provides:

Any claim which was or may be commenced pursuant to assignment or reassignment under § 23–1023 . . . prior to expiration of the statute of limitations [2 years] and which has not been finally adjudicated or which is currently being appealed or for which time for appeal has not expired shall be valid.

**4.** More recently, the Ninth Circuit Court of Appeals, in applying Arizona law, has upheld the constitutionality of A.R.S. § 23–1023, rejecting the argument that the statute's retroactivity provisions violate the due process clause of the fourteenth amendment. *Starks v. S.E. Rykoff & Co.*, 673 F.2d 1106 (9th Cir.1982).

retroactivity provision of the statute is to require "alleged tortfeasors to respond in damages for pain and suffering in those cases which prior to statute, there had been no such liability after the claim had been irrevocably assigned to the carrier." *Id.* at 438, 646 P.2d at 1282.

The court recognized that defendants can be subject to increased liability if amended A.R.S. § 23–1023 is applied to claims barred by the one year statute of the Workmen's Compensation Act, but not barred by the two year general statute of limitations for personal injury, A.R.S. § 12–542. Nonetheless, the court rejected the argument that the right to raise a one year statute of limitations defense is a vested property right within the protection of the fourteenth amendment.

We agree with defendants that the retroactive application of A.R.S. § 23–1023 subjects them to increased liability. Defendants' claim, however, amounts to nothing more than a claim that the statute in effect extends a lapsed statute of limitations. That argument was rejected in *Starks v. Rykoff & Co.,* 673 F.2d 1106 (9th Cir.1982) wherein the court, applying Arizona law, stated:

> Where a lapse of time has not invested a party with title to real or personal property, a state legislature may extend a lapsed statute of limitations without violating the fourteenth amendment, regardless of whether the effect is seen as creating or reviving a barred claim.

*Id.* at 1109.

Defendants have no vested right in the common law defense of nonassignability of tort claims. What they have is the right to assert the one year limitations statute of A.R.S. § 23–1023. That right is purely procedural in nature. Prior to the *Chevron Chemical* decision the negligent third party was still subject to suit within the two year statute of limitations for personal injury actions. A.R.S. § 23–1023 merely split the time to sue between employee and carrier.

The Workmen's Compensation Act merely provided that as between the employee and the employer, the employee was required to bring suit within one year. This was not done to benefit the negligent third party, but to protect the employer or his carrier and insure that they would have sufficient time to enforce their subrogated rights to proceed against a negligent third party.

*Chevron Chemical Co. v. Superior Court,* 131 Ariz. at 439, 641 P.2d at 1283. The retroactive provision of amended A.R.S. § 23–1023 therefore creates no new substantive right in injured employees but only goes to matters of remedy in restoring a barred claim. We find no due process violation.

For the reasons stated, the judgments of the trial court are reversed and the case is remanded for further proceedings consistent with this opinion.

GRANT and GREER, JJ., concur.