Terrence BONEY

v.

INTEROCEAN UGLAND
MANAGEMENT
CORPORATION

No. CIV. A. G–99–137.

United States District Court,
S.D. Texas,
Galveston Division.

May 15, 2000.

Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Terrence Boney, plaintiffs.

James T. Brown, Legge Farrow Kimmitt and McGrath, Houston, TX, for Interocean Ugland Management Corporation, defendants.

Douglas T. Gosda, Rick W Thamm, Bean & Manning, Houston, TX, for Certex Gulf Coast, movants.

Lyle R. Ratwell, Ratwell & Nizialek, The Woodlands, TX, for Atlantic Cordage Corp., third–party defendant.

## ORDER DENYING DEFENDANT/THIRD–PARTY PLAINTIFF INTEROCEAN UGLAND MANAGEMENT'S MOTION TO SUBSTITUTE IN AS PARTY PLAINTIFF AGAINST ATLANTIC CORDAGE CORPORATION

KENT, District Judge.

Plaintiff Terrence Boney filed suit against Defendant Interocean Ugland Management Corporation ("IUM") for negligence and unseaworthiness under the Jones Act and general maritime law. Boney sought to recover for injuries he suffered on December 2, 1998 while working aboard the vessel HMI DYNACHEM. Although Plaintiff Boney only filed suit against IUM, IUM filed a Third–Party Complaint under Fed.R.Civ.P. 14(c) against Atlantic Cordage Corp ("Atlantic Cordage"). Atlantic Cordage was the alleged manufacturer, seller, and/or distributor of a manilla rope whose failure allegedly contributed to the accident.

Plaintiff Boney and IUM have recently compromised and settled all their disputes and claims related to the December 2, 1998 accident. In settling with Boney, IUM took a purported settlement of any and all claims or causes of action Boney may have had against Atlantic Cordage or any other manufacturer or distributor of manila line. IUM, as assignee of Boney, now seeks to prosecute whatever claims Boney may have had against Atlantic Cordage, and consequently filed a Motion To Substitute In As Party Plaintiff Against Atlantic Cordage Corporation.

Because Plaintiff Boney has invoked the admiralty jurisdiction of this Court, the pertinent issue is whether federal admiralty law permits the assignment of personal injury claims which have not been reduced to judgment. Unliquidated personal injury claims are ordinarily not assignable, absent a statute to the contrary. This has long been the rule under the common law and the law of most

states. *See Croxton v. Crowley Maritime Corp.*, 758 P.2d 97, 98 (Alaska 1988); *Ross v. Superior Court*, 128 Ariz. 301, 625 P.2d 890 (1981); *Casino Cruises Inv. Co., L.C. v. Ravens Mfg. Co.*, 60 F.Supp.2d 1285, 1287 (M.D.Fla.1999)(collecting cases).

■ Assignments of personal injury claims are sometimes permitted in the admiralty context by operation of statute. For example, the Longshore and Harbor Workers' Compensation Act provides that "[a]cceptance of compensation under an award in a compensation order filed by the deputy commissioner ... shall operate as an assignment to the employer of all rights of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such acceptance." 33 U.S.C. § 933(b). Prior to 1984, the employer, as statutory assignee, was permitted "to retain twenty percent of any recovery in excess of litigation expense and compensation liability." *Ochoa v. Employers National Ins. Co.*, 754 F.2d 1196, 1199 (5th Cir.1985).

There are other examples of statutory assignments in the admiralty context. Following the explosion of the SS Grandcamp in Texas City, which killed more than 500 persons and injured an additional 3000, Congress enacted the Texas City Relief Act. *See Republic of France v. United States*, 290 F.2d 395, 396 (5th Cir.1961). "Pursuant to the provisions of that statute, the United States paid approximately $16,-000,000 to the victims of the disaster and obtained from the recipients assignments of their claims for death, personal injuries and property damages which totaled approximately $70,000,000." *Id.* The United States government then attempted to recover not just the $16,000,000 it paid to the injured parties, but the full $70,000,000 value of the assigned claims. *See id.*

The purported assignment IUM received as part of its settlement with Boney is obviously not based on any enabling statute. IUM fails to cite even a single

case which suggests that federal maritime law, in marked contrast with the common law and the law of most states, permits the assignment of unliquidated personal injury claims absent an enabling statute. In fact, it appears that only one federal court has addressed this issue, and that court squarely held that "personal injury claims are not assignable in admiralty cases." *Casino Cruises Inv. Co.*, 60 F.Supp.2d at 1288.

The Court finds the analysis of the *Casino Cruises* case to be persuasive, and concludes that an assignment of an unliquidated personal injury claim to a settling tortfeasor is not valid under maritime law, absent statutory authority to the contrary. Consequently IUM's Motion To Substitute In As Party Plaintiff Against Atlantic Cordage Corporation is **DENIED**. The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**